H. W. Meade v. Commissioner.
Meade v. Commissioner
Docket No. 52457.
United States Tax Court
T.C. Memo 1955-82; 1955 Tax Ct. Memo LEXIS 260; 14 T.C.M. (CCH) 273; T.C.M. (RIA) 55082; March 7, 1955
*260 Petitioner installed appliances as a subcontractor. Held, that petitioner incurred and paid expenses for labor, in addition to other expenses for labor and materials, which are deductible as ordinary and necessary business expenses under section 23(a)(1)(A) of the 1939 Code. The amount of the expenses for labor is determined upon the evidence. Charles F. Fleet, Esq., for the petitioner. Frederick T. Carney, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for 1950 in the amount of $588.02; a 5 per cent addition to the deficiency, for negligence, of $29.40, under section 293(a) of the 1939 Code; and an add9tion to the the tax of 16 per cent, $60.99, under section 294(d), for failure to file declaration of estimated tax. The questions to be decided are whether the petitioner is entitled to deduction for expenses of carrying on a business during the taxable year, in excess of the deduction respondent has allowed, and the amount. Findings of Fact The petitioner is a resident of Memphis, Tennessee. He filed his return for the taxable year with the director of Internal *261 Revenue for the district of Tennessee. During 1950 the petitioner was employed by the Illinois Central Railroad Company, full-time, as a locomotive crane engineer. During 1950 petitioner received $3,835.07 from Mid-South Appliance Company. He was paid this amount for installing gas heaters, floor furnaces, hot water tanks, and stoves. The petitioner did not report any of the above amount in his income tax return. The Commissioner, upon audit of his return, included the above amount in gross income; allowed him expenses of $1,124.59, and increased his income for receipts from Mid-South Appliance Company by the net amount of $2,710.48. The petitioner acted as a subcontractor for Mid-South Appliance Company. He incurred and paid expenses for the purchase of materials as well as for labor performed by a plumber, Will Steger. Petitioner was able to perform some of the installation work as a licensed gas installation technician but he could not do any of the plumbing work. The expenses incurred and paid by the petitioner during 1950 as a subcontractor of Mid-South Appliance Company amounted to not more than $2,185.59, as follows: Materials and general expenses
$1,124.59
Payments to W. Steger
1,061.00
$2,185.59
*262 In his return, the petitioner took itemized deductions for contributions, interest, taxes, losses, medical expenses, union dues, and other items, in the total amount of $977.54. The respondent disallowed the total amount of the itemized deductions because of lack of substantiation. Petitioner does not contest this determination. The determinations made by the respondent upon the audit of petitioner's return resulted in corrected net income in excess of $5,000. The petitioner filed an individual return and upon this basis the Commissioner allowed him a maximum standard deduction of $500. The petitioner failed to file a declaration of estimated tax, or to pay any installment of estimated tax for 1950. The petitioner did not keep complete, accurate, or adequate books and accounting records for his business as a subcontractor of Mid-South Appliance Company. Part of the deficiency is due to negligence. Petitioner paid Steger not more than $1,061 for labor during the taxable year. Opinion Petitioner did subcontract work for Mid-South Appliance Company during 1950. The respondent has recognized such work as the operation of a business, and has allowed a deduction of $1,124.59, *263 for business expenses. Petitioner claims a further business expense deduction of $2,175.95. He claims, therefore, that he incurred and paid expenses totaling $3,300.54. Petitioner has the burden of proving what the alleged expenses were, the amounts, and that he paid the expenses. Petitioner relies chiefly upon his own restimony and Steger's testimony. Steger testified that he did the plumbing work on jobs given to Meade by Mid-South Appliance Company; that he received payments for labor from Meade; and that he understood that he was to receive about one-half of the amount petitioner received from Mid-South Appliance Company. Steger did not keep any records of what he received from Meade, or of what he spent for materials. He made an estimate of what he received. Petitioner offered in evidence a list of his payments to Steger for materials purchased for installation of several jobs, and for Steger's labor. The owner of Mid-South Appliance Company testified that petitioner and Steger worked together on jobs which he got for them, and that it was his understanding that Steger received from Meade about one-half of the payments made by Mid-South Appliance Company. The list of payments *264 for labor and material which petitioner produced, Exhibit 2, shows cost of materials as $1,114.95, and labor, $1,061. The respondent has allowed a deduction of $1,124.59. Petitioner did not prove that he spent more than $1,124.59 for material, and it appears that the cost of materials listed in Exhibit 2 represents most of the amount which has been allowed by respondent. No additional amount can be allowed as a deduction for materials because of failure of proof. The evidence relating to payments by petitioner to Steger for his labor is not entirely satisfactory, but we are satisfied that Steger worked on the jobs given to petitioner, and received payments from petitioner. Under the circumstances, we find that petitioner paid Steger not more than $1,061 for his labor. Petitioner is entitled to a business expense deduction in this amount under section 23(a)(1)(A) of the 1939 . Petitioner may have paid Steger for materials, also, but such payments, if any, appear to be included in the amount, deduction for which has been allowed by the respondent. The respondent included in petitioner's income $2,124.59 of the amount *265 received from Mid-South Appliance. Under our finding, this is reduced by $1,061, to $1,649.48. The 5 per cent negligence penalty under section 293(a) of the 1939 Code is sustained The addition to tax under section 294(d), for failure to file a declaration of estimated tax for 1950, is sustained to the extent that it is found to be due by the parties upon their making a recomputation of the deficiency under Rule 50. Under Rule 50, the parties will make such other adjustments as are required. Decision will be entered under Rule 50.